﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200318-72231
DATE: April 30, 2021

REMANDED

Entitlement to service connection for residuals from melanoma (also claimed as skin cancer, cancer neck/head region, and skin condition) is remanded.

Entitlement to service connection for neck residual scars, s/p excision of melanoma (also claimed as 11-inch scar neck/head region secondary to cancer surgery) is remanded.

REASONS FOR REMAND

The Veteran had active duty service from April 2004 to August 2007.

This matter comes before the Board of Veterans’ Appeals (Board) from a March 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO).

In the January 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to service connection for residuals from melanoma (also claimed as skin cancer, cancer neck/head region, and skin condition) is remanded.

2. Entitlement to service connection for neck residual scars, s/p excision of melanoma (also claimed as 11-inch scar neck/head region secondary to cancer surgery) is remanded.

Upon review of the VA medical opinions of record addressing whether or not the Veteran’s claimed for conditions are at least as likely as not due to Gulf War environmental exposures, the Board finds them inadequate in simply stating that the Veteran’s conditions are at least as likely as not consistent with known risk factors for melanoma. See January 2019 VA examination report; March 2015 VA examination report; see also March 2021 Appellate Brief. To point, in accordance with the Court’s holding in Bailey v. O'Rourke, 30 Vet. App. 54, 60 (2018), the VA medical opinions are inadequate to the extent that they do not apply the known risk factors for melanoma to the Veteran or otherwise explain their relevance. As such, the Board finds that a pre-decisional duty to assist error has occurred requiring a remand to address the aforesaid deficiency. See Barr v. Nicholson, 21 Vet. App. 303 (2007).

The matters are REMANDED for the following action:

Obtain an addendum medical opinion addressing whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s claimed for residuals from melanoma, and associated scarring, are medically related to his conceded Gulf War environmental exposures. 

The provided opinion must address the particularized circumstances of the Veteran and not be based solely/merely on general articles, to include the known risk factors for melanoma. 

Take notice that as the Veteran’s DD Form 214 shows he served on active duty in Iraq from December 15, 2005 to December 4, 2006, in-service exposure to Gulf War environmental hazards has been conceded in his case.

The examiner is asked to provide the underlying reasons for all opinions expressed, and is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as against it.

 

 

Bethany L. Buck

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S.R. Fey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.